In the Matter of the Application of JOSEPH C. KLEINMAN and JOHN SWANSON, Petitioners, for the Determination of the Court as to the Nomination of CHARLES M. EMERSON for the Office of Mayor, CARL SWIFT for the Office of Trustee, LEO KRAFT for the Office of Trustee, and WALTER F. WESLEY for the Office of Police Justice, All of the Village of Island Park, Nassau County, New York, as Contained in the Petition Known as the Independent Nominating Petition of " United Peoples Party " Island Park, Nassau County, New York.

BOARD OF ELECTIONS OF THE VILLAGE OF ISLAND PARK, Respondent.

Supreme Court, Nassau County, March 14, 1940.

*Albert H. Levine,* for the petitioners.

*Edward Edstrom, Attorney for Village of Island Park,* for the respondent.

HOOLEY, J. In this application, which is made pursuant to subdivision 2 of section 330 of the Election Law, it appears that the nominating petition which is under attack was filed in the office of the village clerk on February 28, 1940.

On March 2, 1940, the petitioner, Kleinman, filed written objections to the petition. The date that said objections were overruled

by the village clerk does not appear in the moving papers, but it may be assumed that it was done within three days thereafter, which would be not later than March 5, 1940. The latter was also the last day for filing nominating petitions.

The application herein was brought on by order to show cause, which was signed on March twelfth, and made returnable March fourteenth. Subdivision 2 of section 330 of the Election Law, aforesaid, provides, in part, as follows: " * * * And in any other proceeding under this subdivision the final order at Special Term must be made on or before the twelfth day or, *in the case of a certificate of nomination of a town or village officer, the seventh day preceding the day of election.*" In 1940 the village election day is March nineteenth.

From a reading of said section, it would appear to be mandatory that any final order in this type of proceeding be made on or before March 12, 1940, which is seven days before the election. However, the courts have heretofore held that this provision is directory and not mandatory. (*Matter of Brady*, 246 App. Div. 561 [Second Dept.]; *Matter of Greenwald* v. *Boyle*, 179 id. 672 [First Dept.]; *Matter of Sredzinski* v. *Schmieding*, 245 id. 398 [Fourth Dept.].)

There is no good reason shown why there was a delay from March 5, 1940, to March 12, 1940, in the making of the application herein. While the cases aforesaid indicate, as heretofore pointed out, that the language of the statute is directory and not mandatory, this court is of the opinion that there must be substantial reasons shown, in a given case, why the proceeding was not brought within the time prescribed by the statute.

Facts might have been presented to the court which would make it incumbent upon the court to entertain the application, but the petitioner has presented no proof to justify the delay. This court may not close its eyes to the plain provisions of the statute that the final order of the Special Term must be entered seven days before the village election. Even the obvious insufficiencies in the petition do not justify the court in holding that the limitation period in the statute is to be here disregarded. If the petition is to be declared null and void by this court, it should be done in time to give even the court of last resort an opportunity to review the decision and no applicant should be permitted to unreasonably delay the application and thus prevent a final review of the action of the Special Term.

The court is of the opinion that the delay herein was unreasonable, without any excuse therefor being shown, and in its discretion denies the application herein on that ground.